**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

PATRICK KELLER,                           )
on behalf of Plaintiff and a class        )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )          3:21cv50218
                                          )          Judge Johnston
CLIENT SERVICES, INC.,                    )          Magistrate Judge Jensen
                                          )
          Defendant.                      )

## PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT

Plaintiff, Patrick Keller, respectfully requests that the Court, pursuant to 28 U.S.C. §1447(c),

remand this action to the Circuit Court of McHenry County, Illinois and award attorneys' fees and

costs incurred as a result of the removal.

The grounds for this motion are as follows:

1.      The Complaint in this matter, filed in state court on April 23, 2021, alleges a claim

against Defendant  under the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq*. ("FDCPA").

2.      Plaintiff alleges that Defendant disclosed Plaintiff's private information to

an unauthorized party, a letter vendor.

3.      Defendant was served on April 28, 2021 and removed the action on May 28, 2021.

4.      On June 18, 2021, Defendant filed an Answer (Document #: 10, Page 6 of 7,

PageID #:53)  which alleges, in par. 60, that "Plaintiff has not suffered a concrete, injury-in-fact."

5.      A concrete injury in fact is an essential element of federal jurisdiction under Article III

of the federal constitution.  The Seventh Circuit has recently issued a number of decisions

addressing this requirement in FDCPA cases.  *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th

Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green*

-1-

*Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); *Markakos v. Medicredit, Inc.*, 997 F.3d 778 (7th Cir. 2021).

6.      A concurring opinion in the most recent Seventh Circuit decision, *Markakos,* states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 2021 U.S. App. LEXIS 14339, at *12 (7th Cir. May 14, 2021) (Ripple, J., concurring).

7.      Plaintiff does not allege this and therefore filed in state court.

8.      The party invoking the jurisdiction of the District Court has the burden of establishing that all aspects of federal jurisdiction, including the satisfaction of Article III standing requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98 (1921); *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999).

9.      In the case of removal, the removing party bears that burden. *Collier v. SP Plus Corp.,* 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

10.     Defendant is not entitled to remove and then file an answer in which it asserts that a key element of Article III standing requirements is not met.

11.     We thus have a situation where the Defendant denies that federal jurisdiction exists

and Plaintiff does not wish to be in federal court.

12.     It is well settled that any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). There is a presumption against removal. *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 108–109 (1941).

13.     In *Collier v. SP Plus Corp.*, 889 F.3d 894 (7th Cir. 2018), the Seventh Circuit held it was improper for a defendant who removes a case based on federal question jurisdiction to subsequently move to dismiss the case for a lack of Article III standing. The defendant in *Collier* removed to federal court and a week later moved to dismiss claiming the plaintiffs lacked Article III standing. The plaintiffs agreed they lacked standing and requested that the district court remand the case back to state court rather than dismiss the case. The district court denied the plaintiffs' request for a remand, concluded they lacked standing and after allowing time to amend the complaint, dismissed the complaint with prejudice when they failed to amend. On appeal, the Seventh Circuit disagreed with the district court noting that the party invoking federal jurisdiction is required to establish all aspects of jurisdiction, including Article III standing, and ordered that the case be remanded. (889 F.3d at 896)

14.     Similarly, in *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 911 (N.D. Ill. 2016), the defendant removed and then moved to dismiss for lack of Article III jurisdiction. Judge Bucklo held that if no party was willing to affirmatively argue that federal jurisdiction existed, the case had to be remanded. She also awarded attorney's fees for improper removal.

15.     To the same effect is *Black v. Main St. Acquisition Corp.,* 5:11cv577, 2013 U.S. Dist. LEXIS 43219, *3, 2013 WL 1295854 (N.D.N.Y., March 27, 2013), where defendant removed and

-3-

then filed a summary judgment motion asserting that the court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. The court summarily remanded the matter, holding that if "no party shoulders the burden of proving jurisdiction," the case does not belong in federal court.

16. The only difference between those cases and this case is that here, the Defendant asserted in its answer that federal subject matter jurisdiction does not exist. The nature of the document in which Defendant denies federal jurisdiction would not appear to be material.

17. Allowing the filing of a removal petition by a defendant that denies federal jurisdiction would enable defendants to disrupt litigation, putting cases in a state of limbo where they are pending in federal court but no party actually asserts that federal jurisdiction exists. Plaintiff would be forced to expend resources on litigation in federal court under the constant threat of Defendant raising the issue of lack of subject-matter jurisdiction if it doesn't like the outcome.

18. Illinois does not impose standing requirements similar to Article III. *Rosenbach v. Six Flags Entertainment Corp.,* 2019 IL 123186, 129 N.E.3d 1197 (Biometric Identification Privacy Act); *Sekura v. Krishna Schaumburg Tan, Inc.,* 2018 IL App (1st) 180175, 115 N.E.3d 1080 (same); *Soto v. Great America LLC,* 2020 IL App (2d) 180911, 165 N.E.3d 935 (Fair Credit Reporting Act); *Lee v. Buth-Na-Bodhaige, Inc.,* 2019 IL App (5th) 180033, ¶64, 143 N.E.3d 645 (same); *Duncan v. FedEx Office & Print Services, Inc.,* 2019 IL App (1st) 180857, 123 N.E.3d 1249 (same); *Landis v. Marc Realty, L.L.C.,* 235 Ill.2d 1, 919 N.E.2d 300 (1ˢᵗ Dist. 2009) (statutory penalty for landlord's failure to timely return its tenants' security deposit under Chicago Residential Landlord Tenant Ordinance (CRLTO)); *Namur v. Habitat Co.,* 294 Ill.App.3d 1007, 691 N.E.2d 782 (1st Dist. 1998) (tenant whose security deposit is not maintained in special trust account may sue for statutory penalty under CRLTO even if nothing happens to the deposit); *Faison v. RTFX, Inc.,* 2014 IL App (1st) 121893, 6 N.E.3d 376 (tenant may recover statutory penalty under CRLTO for failure to provide receipt for

security deposit containing prescribed information); *Cairo & St. Louis R.R. v. Warrington,* 92 Ill. 157, 159-60 (1879) (penalty on railroad for failure to fence its right of way; court held that "[t]he power to impose fines, penalties and forfeitures for a violation of or the non-observance of statutory requirements, is believed to be coeval with the common law itself. . . . In some cases the penalty is given to the informer, in others one-half to the government and the other half to the informer, or one-half to the informer and the other half to some charity or specific fund. We are aware of no case since the organization of our government, State or Federal, which has questioned the power of the legislature to thus dispose of a penalty or forfeiture. All must concede that when the General Assembly imposes a forfeiture, that body may dispose of it in such manner as in their wisdom they may see proper. They may appropriate such penalties to the general revenue of the State, to the school or other fund, general or local, or to a private person. This, it is believed, has never been questioned.").

19.     Given the fact that there is a perfectly competent forum with no jurisdictional issue, in which Plaintiff originally filed this case, there is no reason to permit the disruptive filing of a removal petition by a Defendant that disputes federal jurisdiction.

20.     Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) which states "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005), the Supreme Court held "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

21.     It is not objectively reasonable for Defendant to remove and then deny federal

-5-

jurisdiction.

WHEREFORE the reasons stated above, Plaintiff request this Court to remand this matter back to the Circuit Court of McHenry County, Illinois and to award Plaintiff reasonable attorneys' fees and cost incurred as a result of the removal.


Respectfully submitted,


*/s/ Daniel A. Edelman*
Daniel A. Edelman


Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Sung Cheol Sam Park  (ARDC 6333176)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that on June 23, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

<u>*/s/ Daniel A. Edelman*</u>
Daniel A. Edelman

C:\Users\reoteswelsh\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\OPUCIQ9T\Plaintiff's Motion to remand_Pleading.WPD